**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEVON STEWART,** | ) | |
| **No. R-59346 ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00408-SMY** |
| | ) | |
| **THOMAS SPILLER,** | ) | |
| **TY BATES,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **SALVADORE GODINEZ,** | ) | |
| **DR. SHAH, and** | ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**YANDLE, District Judge:**

Plaintiff Devon Stewart is an inmate currently housed in Pinckneyville Correctional Center.   Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to being fed a soy-based diet, and being served only two meals per day (Doc. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## <u>The Complaint</u>

According to the complaint, from 2007, when Plaintiff entered prison, to the present, he has been served a soy-based diet (replacing animal protein), which over time has led to health problems.  More specifically, the Illinois Department of Corrections ("IDOC"), Director Salvadore Godinez, Deputy Director Ty Bates, Food Service Administrator Suzann Bailey, Warden Spiller and Dr. Shah have individually and in conspiracy endangered Plaintiff's health. In 2014, when Plaintiff began experiencing the side effects of consuming too much soy—constipation, stomach pain, gas, loss of circulation, lethargy, and weight changes—the defendant officials did not alter the soy diet.  Dr. Shah merely instructed Plaintiff to drink more water, and he refused to test Plaintiff's thyroid function.  Plaintiff's administrative grievances went unanswered, as did a letter to Director Godinez.  According to the complaint, in 2009 female inmates successfully sued the IDOC over their soy diet, and they are no longer served soy-based meals.  In contrast, the soy content in the meals Plaintiff was served increased, even though the Defendants were by then aware of the health hazards posed by soy.

Plaintiff also takes issue with the elimination of breakfast at Pinckneyville—"the most important meal of the day."  Inmates are now served dinner at around 4 p.m., and then eighteen hours later, at around 10 a.m., they are served lunch.  As a result, inmates receive less than 1,800

calories per day and must stave off hunger by buying food at the commissary.   Plaintiff has experienced stomach pain, erratic weight changes and mental injuries.  Plaintiff further asserts that the Defendants have conspired in order to allow unnamed high ranking officials to "pocket" the saving and commissary profits (estimated at $4,460,000 per year).  Plaintiff has written to IDOC Food Service Administrator Suzann Bailey, presumably without result.

Plaintiff seeks compensatory and punitive damages, as well as a transfer to a prison outside the southern district of Illinois.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him a soy-based diet, in violation of the Eighth Amendment;**
>
> **Count 2:  Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him only two meals per day (less than 1,800 calories), in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).   Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of

prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; the corrections official must have acted with the equivalent of criminal recklessness.  *Id*. at 835–37.

At this early stage, given the alleged side effects of excessive and/or prolonged consumption of soy and the provision of less than 1,800 calories per day, it is assumed that Plaintiff faces serious medical danger.[1]  Whether the complaint otherwise states a colorable claim against each Defendant requires more detailed analysis.

**<u>Individual Involvement and Conspiracy</u>**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

With respect to the IDOC, the Eleventh Amendment bars suits against an un-consenting state—including its agencies and officers in their *official* capacities—for monetary damages.  *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v.*

---

[1] The mere fact that Plaintiff must wait 18 hours between dinner and lunch, alone, does not violate the Eighth Amendment.  The withholding of food is not a *per se* objective violation of the Constitution; instead, "a court must assess the amount and duration of the deprivation.  *See Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999).

*Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). Consequently, the IDOC must be dismissed with prejudice, and all claims against the other Defendants in their official capacities for monetary damages will be dismissed with prejudice.

Plaintiff contends that all five individual defendants conspired with respect to the soy diet and two-meal dietary plan.  If viable, the conspiracy would provide the necessary personal involvement by Warden Spiller and Deputy Director Bates, who are not otherwise mentioned in the narrative of the complaint.  Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review.  *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)).  "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him."  *Sow v. Fortville Police Dept*., 636 F.3d 293, 304–05 (7th Cir. 2011).  "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives."  *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir.1999)).

The complaint offers little more than an assertion of a conspiracy.  However, the contention that there was a successful law suit suggests that prison officials knew of the dangers of a soy diet and proceeded with a system-wide dietary plan featuring soy.  That is enough to permit this conspiracy allegation and Count 1 to proceed against the five individual defendants, Spiller, Bates, Bailey, Godinez and Shah.  Should the conspiracy allegation ultimately fail, based solely on what is alleged in the complaint, others may be winnowed from this claim, particularly since the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section

1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). But, those are questions for another day.

The allegation that there was a prior successful lawsuit regarding a soy diet is sufficient to support a conspiracy claim relative to Count 1, but that lawsuit bears no relationship to Count 2, which is an inadequate nutrition claim premised upon inmates being served less than 1,800 calories per day. Consequently, the individual liability of each of the five officials must be examined.

There is a general assertion that there is a two-meal/1,800 calorie diet policy in place at Pinckneyville (not IDOC-wide), but that policy is not attributed to any particular defendant (and Plaintiff does not seek an injunction to eliminate that diet plan). The fact that this diet plan is only at Pinckneyville precludes the assumption that the IDOC administrators, Godinez, Bates and Bailey, are responsible. And, it is not reasonable to assume Warden Spiller and Dr. Shah established the policy. Thus, the complaint fails to state enough to reasonably suggest personal liability by any of the five individual defendants. The narrative of the complaint does allege that Plaintiff wrote a letter of complaint to IDOC Food Service Administrator Suzann Bailey, but that alone does not adequately indicate personal liability, particularly since supervisory liability is insufficient to establish Section 1983 liability. Consequently, Count 2 will be dismissed without prejudice; as pleaded, it fails to satisfy the *Twombly* pleading threshold.

## Disposition

IT IS HEREBY ORDERED that, for the reasons stated, the **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED with prejudice**, and all claims against the other Defendants in their official capacities for monetary damages are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2**, the Eighth Amendment claim regarding being served fewer than 1,800 calories per day, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment claim regarding the soy diet, shall otherwise **PROCEED** against Defendants **SALVADORE GODINEZ, TY BATES, SUZANN BAILEY, THOMAS SPILLER and DR. SHAH**.

In accordance with 28 U.S.C. § 1915(d), because Plaintiff has been granted pauper status (Doc. 6), his motion for service of process at government expense (Doc. 4) is **GRANTED**. The Clerk of Court shall prepare for Defendants **SALVADORE GODINEZ, TY BATES, SUZANN BAILEY, THOMAS SPILLER and DR. SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **SALVADORE GODINEZ, TY BATES, SUZANN BAILEY, THOMAS SPILLER and DR. SHAH** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action, including Plaintiff's motion for recruitment of counsel (Doc. 3), is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 4, 2015**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**