IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVON STEWART,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  **CASE NO. 15-cv-00408-SMY-PMF** |
| v. | ) |
| | ) |
| **THOMAS A. SPILLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for discovery sanctions, including the sanction of dismissal (Doc. No. 52). Plaintiff Devon Stewart is challenging the conditions of his confinement at Pinckneyville Correctional Center. He alleges that he was the target of a conspiracy to jeopardize his health by being fed a diet containing harmful soy-based food in violation of the Eighth Amendment (Doc. No. 8). Sanctions are requested on the basis that Stewart failed to participate in the discovery process. The motion is opposed (Doc. No. 64).

### I.   Background

Stewart filed this civil rights action with assistance from jail house lawyers. His Complaint includes a brief description of his effort to obtain a remedy from prison officials (Doc. No. 1, p. 5). As soon as he filed this case, Stewart asked for recruitment of counsel. In connection with that request, he argued that he needed counsel's help to obtain records, including grievances filed by other inmates. His initial requests were denied without prejudice (Doc. Nos. 3, 17, 18). Stewart did not file an objection, permitted under Rule 72(a) of the Federal Rules of Civil Procedure.

On July 6, 2015, defendants Bailey, Bates, Godinez, and Spiller filed an Answer raising failure to exhaust administrative remedies as an affirmative defense (Doc. No. 21). They also

served written discovery, targeting information pertaining to Stewart's use of the administrative remedy process (Doc. No. 31-1, 31-2). Later that month, the Court restricted the scope of discovery to facts pertaining to the exhaustion defense and set a deadline for motions pertaining to that defense (Doc. No. 29).

Stewart did not serve a timely response to the written discovery requests. The requests were relatively simple. Considering that Stewart provided some information in his Complaint and is educated beyond the high school level, he could have provided answers to interrogatories based on his personal recollection of his own actions. He also could have identified or produced a copy of the emergency grievance he wrote on April 4, 2015. He also could have explained why he did not provide other responsive documents.

On August 18, 2015, defense counsel sent correspondence asking Stewart for a response to the written discovery. Included with the letter was a print out of Stewart's IGRV record and an explanation of the nature of that log (Doc. No. 31-3). Stewart did not respond to the correspondence.

In September, 2015, defendants filed their motion to compel (Doc. No. 31). Stewart did not file any response. The motion was granted, with a November 7, 2015, deadline for service of responses (Doc. No. 32). Stewart did not meet that deadline.

In November, 2015, Stewart renewed his request for counsel. Efforts to recruit counsel were made over the next several months, with Melanie Chico and Katherine Carole Morrison appearing in January, 2016. In the meantime, the extended deadline for filing motions pertaining to the exhaustion defense expired (Doc. No. 42). With counsel's assistance, Stewart has recently cobbled together a summary of his efforts to exhaust administrative remedies and provided a couple of grievance forms.

## II.     Sanctions

Sanctions are available when a party fails to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(a).  Plaintiff's recent summary omits important details, such as the name of the individual or entity to whom he submitted grievances in 2014.  For example, if he submitted grievance forms directly to the ARB, he skipped preliminary steps.

Stewart's noncompliance with the discovery order warrants sanctions.  Because the defendants did not have access to crucial information needed to evaluate Stewart's efforts to utilize the grievance procedure before the deadline for filing motions on their affirmative defense expired, Stewart should be barred from contesting the merit of the exhaustion defense.

## III.    Conclusion

IT IS RECOMMENDED that the motion for sanctions (Doc. No. 52) be GRANTED.  As a discovery sanction, at the conclusion of this case, judgment of dismissal should be entered against plaintiff Devon Stewart and in favor of Thomas Spiller, Ty Bates, Suzann Bailey, and Salvador Godinez on affirmative defense B.

SUBMITTED:  May 23, 2016 .

                                              s/Philip M. Frazier
                                              PHILIP M. FRAZIER
                                              UNITED STATES MAGISTRATE JUDGE