IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVON STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-408-SMY-RJD |
| | ) |
| THOMAS A. SPILLER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("Report," Doc. 65) recommending that Defendants' Motion for Sanctions (Doc. 52) be granted. Plaintiff filed an objection to the Report (Doc. 66). For the following reasons, the Report is **ADOPTED** in its entirety.

Plaintiff Devon Stewart filed this civil rights action with assistance from jail house lawyers. His Complaint includes a brief description of his effort to obtain an administrative remedy from prison officials (Doc. 1 p. 5). As soon as he filed this case, Stewart asked for recruitment of counsel to assist him in obtaining records, including grievances filed by other inmates. His initial requests were denied without prejudice (Docs. 3, 17, 18) and Stewart did not file an objection permitted under Rule 72(a) of the Federal Rules of Civil Procedure.

On July 6, 2015, Defendants Bailey, Bates, Godinez and Spiller filed an Answer raising the failure to exhaust administrative remedies as an affirmative defense (Doc. 21). They also served written discovery on Stewart seeking information pertaining to Stewart's use of the administrative remedy process (Docs. 31-1 & 31-2). Later that month, the Court restricted the scope of discovery to facts relevant to the exhaustion defense and set deadlines for motions and

responses pertaining to that defense (Doc. 29).

Stewart did not serve a timely response to Defendants' written discovery requests even though they were relatively simple. On August 18, 2015, defense counsel sent correspondence to Stewart requesting that he respond to the written discovery. Included with the letter was a print out of Stewart's IGRV record and an explanation of the nature of that log (Doc. 31-3). Stewart did not respond to the correspondence.

In September 2015, Defendants a motion to compel pertaining to the written discovery (Doc. 31). Stewart did respond to the motion which was granted with a November 7, 2015, deadline for service of responses (Doc. 32). Again, Stewart failed to meet that deadline.

In November 2015, Stewart renewed his request for recruited counsel. Efforts to recruit counsel were made over the next several months with Melanie Chico and Katherine Carole Morrison appearing in January 2016. In the meantime, the extended deadline for filing motions pertaining to the exhaustion defense expired (Doc. 42). With Counsels' assistance, Stewart cobbled together a summary of his efforts to exhaust administrative remedies which included a couple of grievance forms.

Defendants filed a Motion for Sanctions on the basis that Stewart failed to participate in the discovery process (Doc. 52). Judge Frazier filed the Report currently before the Court (Doc. 65) in which he concluded that Stewart's noncompliance with the Court's discovery Order warranted sanctions. Specifically, Judge Frazier recommends that Stewart should be barred from contesting the merits of Defendants' exhaustion defense because as a result of Stewart's noncompliance with the discovery Order, the defendants did not have timely access to crucial information needed to evaluate Stewart's efforts to utilize the grievance procedure. This will effectively dismiss Stewart's case as to these Defendants.

Where timely objections are filed, this Court must undertake a *de novo* review of the

Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the Magistrate Judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

Here, Stewart filed a timely objection to the Report in which he does not object to any specific findings, but rather objects to the severity of the sanction. He asserts that his failure to comply with the discovery Order was due to mere confusion, rather than an attempt to obstruct the Court (Doc. 66 p. 5). Stewart further asserts that he made a good faith attempt to meet his obligations in this case and that "[h]e knew he could not respond to discovery requests on his own, and so requested counsel several times." *Id*. However, Stewart offers no evidence of his good faith during the relevant time period other than his attempts at having counsel appointed.

Moreover, a review of the record indicates that Stewart did not file any motions seeking the appointment of counsel between the time the discovery Order was entered and the expiration of the deadline for him to respond to the motion to compel. In fact, there was absolutely no correspondence from Stewart to the Court or defense counsel for almost four months. He flatly ignored the Court's discovery Order and his excuse for doing so is not borne out by the facts.

Further, the Court agrees with the Report in that Defendants were prejudiced by Stewart's failure to comply with the discovery Order. The Court finds it reasonable under the circumstances that, as a result of Stewart's failure to provide Defendants with crucial information regarding the exhaustion defense, he be barred from contesting the merits of that defense.

Accordingly, the Court adopts Magistrate Judge Frazier's Report and Recommendation (Doc. 65).  This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies as to Defendants Thomas Spiller, Ty Bates, Suzann Bailey and Salvador Godinez.

**IT IS SO ORDERED.**

**DATED:  November 28, 2016**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**